UNITED STATES *v.* CARL ZEISS, INC. (No. 3985)[1]

---

[1] T. D. 48624.

146

United States Court of Customs and Patent Appeals, October 26, 1936

*Joseph R. Jackson*, Assistant Attorney General (*Marcus Higginbotham, Jr.*, special attorney, of counsel), for the United States.

*James W. Bevans* for appellee.

[Oral argument October 6, 1936, by Mr. Jackson and Mr. Bevans]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

Appellee imported at the port of New York, at different times, "finders" for photographic cameras. They were classified by the collector as optical instruments and assessed with duty thereon at 45 per centum ad valorem under paragraph 228 (b) of the Tariff Act of 1930.

Appellee filed 12 protests, in each of which it claimed that the merchandise was properly dutiable under paragraph 1551 of said act as parts of cameras at the rate of 20 per centum ad valorem.

The United States Customs Court, First Division, held that the merchandise was dutiable as claimed by appellee, and entered judgment accordingly. From said judgment this appeal was taken.

The pertinent parts of the tariff paragraphs here involved read as follows:

PAR. 228 (b) * * * photographic or projection lenses, * * * all optical instruments, frames and mountings therefor, and parts of any of the foregoing; all the foregoing, finished or unfinished, not specially provided for, 45 per centum ad valorem.

PAR. 1551. Photographic cameras and parts thereof, not specially provided for, 20 per centum ad valorem: * * *

Upon the trial before the Customs Court four witnesses testified in behalf of appellee, and one witness in behalf of the Government.

There are three kinds of finders involved, represented by Exhibits A, B, and C, respectively, introduced in evidence by appellee. Exhibits A and B represent finders used on "Contax" cameras, and Exhibit C represents finders used on "Baby Ikomat" cameras.

There was also introduced in evidence by appellee Illustrative Exhibit D, being a "Contax" camera in which are used finders represented by Exhibits A and B. The Government also introduced in evidence as Illustrative Exhibit E an advertisement by appellee advertising certain "Contax accessories," including view finders of the character of those here involved.

It is established that each of the finders here involved is designed for use and can be used only upon a particular camera employing a particular photographic lens. The cameras upon which finders represented by Exhibits A and B are used have built-in finders for use with the lens originally upon the camera. The cameras using finders represented by Exhibit C do not have a built-in finder like the others, but have what is called a wire finder, which is a finder without a lens.

It is conceded that a view finder is an essential part of a camera. It appears from the record that the "Contax" cameras are designed to be used with eleven lenses in addition to the lens originally placed in the camera, and that each of such lenses covers a different field; that, in order that the camera may properly function as such, a finder must be used which is adapted to the particular lens employed. The finders represented by Exhibits A and B are used upon the cameras for which they are designed by inserting them in a shoe or slide on the top of the camera. When so inserted, the finder is useless unless a particular photographic lens is inserted in the camera, and when such lens is so inserted the original built-in finder is useless. In other words, when different lenses are used with the camera, they are useless unless the corresponding finders are also employed.

It is true that cameras for which these finders are designed are complete cameras with the original built-in finders and the original lenses, but they are not complete cameras with such built-in finders if lenses of a different focal length are used. It is also true that it is

wholly optional with the purchasers of such cameras to buy additional lenses and finders corresponding thereto.

The finders represented by Exhibit C are used in the "Baby Ikomat" camera only with the same lens that is furnished with the camera. This finder's purpose is to enable the person operating the camera to use it at waist level, whereas, when the built-in wire finder is used, the camera has to be held at the level of the eye while the picture is being taken. The use of such a finder as is represented by Exhibit C is not essential to the operation of the camera.

Upon the foregoing facts the Government contends that all of the finders here involved should be considered to be accessories for cameras and not parts of cameras.

Appellant relies upon our decision in the case of *United States* v. *Mitchell Camera Corp.*, 22 C. C. P. A. (Customs) 544, T. D. 47553, wherein we held, Judge Bland dissenting, that upon the record before us certain "so-called finder lenses," used upon finders employed in connection with moving-picture cameras, were not parts of cameras. In that case the importer called but one witness, who testified that the finder upon which the lenses were used was a complete instrument, not "essential" for the proper taking of a picture, but that it was "a great convenience." In concluding our opinion we said:

It may be that the involved lenses are parts of photographic cameras. However, the evidence of record, upon which this case must be decided, does not warrant such a finding. We must hold, therefore, that the conclusion reached by the trial court is contrary to the evidence, and should be reversed. In so holding, we do not wish to be understood as expressing any opinion as to the proper dutiable classification of merchandise like that here involved.

In the case at bar the evidence establishes, and the Government concedes, that a finder is an essential part of still cameras of the character here involved, but the Government contends that additional detachable finders such as are here involved are not parts of cameras.

We are of the opinion that the trial court came to the right conclusion with respect to the finders represented by Exhibits A and B. These finders are not accessories for the cameras fitted with finders suitable for the original lenses of the cameras. They cannot be employed at all unless different lenses are employed, and the finders here involved are designed for and can be used only in conjunction with such lenses. If the photographic lenses for which the finders were designed were imported separately, it seems clear that they would in fact be parts of cameras, although more specifically provided for as photographic lenses under paragraph 228 (b), and dutiable thereunder. This being true, and it being established that a camera fitted with such lenses could not be properly operated without the use of a finder designed to be used in conjunction with such lens, it seems obvious

that such finders should likewise be held to be parts of cameras. See *Welte & Sons* v. *United States*, 5 Ct. Cust. Appls. 164, T. D. 34249.

Appellant relies upon our decision in the case of *United States* v. *Willoughby Camera Stores, Inc.*, 21 C. C. P. A. (Customs) 322, T. D. 46851, wherein we held that certain tripods there involved were not parts of cameras. We there said:

It is a well-established rule that a "part" of an article is something necessary to the completion of that article. It is an integral, constituent, or component part, without which the article to which it is to be joined, could not *function as such article*. (Citing authorities.)

In the case at bar, where a camera for which the finders represented by Exhibits A and B are designed is equipped with a lens and its corresponding finder, then the finder is necessary to the completion of the camera and is "an integral, constituent, or component part, without which the article to which it is * * * joined, could not *function as such article*."

Therefore the holding of the Customs Court that the finders represented by Exhibits A and B are parts of cameras is in complete harmony with our decision in the case last above cited.

With respect to the finders represented by Exhibit C, however, it is our opinion that the trial court erred in finding them to be parts of cameras. They are not essential to the operation of a camera, but serve only the convenience of the operator. With the built-in wire finder it is necessary to take the picture with the camera held on the level of the eye. With the finder represented by said Exhibit C the operator may take pictures with the camera held at waist level. Obviously the operator could, by occupying a stooping or sitting position, take the same picture with the wire finder that he could with the finder here under discussion. This being true, we must hold, under the authority of *United States* v. *Willoughby Camera Stores, Inc.*, *supra*, that the finders represented by Exhibit C are not parts of cameras.

Inasmuch as the sole claim of appellee is that the finders represented by Exhibit C are dutiable under paragraph 1551 as parts of cameras, the judgment of the United States Customs Court, insofar as it relates to such finders, must be reversed.

Finally, appellant contends that, even though the articles here involved be parts of cameras, they are more specifically provided for in said paragraph 228 (b) as "photographic or projection lenses," and are therefore dutiable thereunder. Having found that the finders represented by Exhibit C are not parts of cameras, this last contention of the Government need be considered only in connection with the finders represented by Exhibits A and B.

If the finders represented by said Exhibits A and B are in fact photographic or projection lenses, then this contention of appellant

is correct. It is unnecessary for us here to decide the question of whether the lenses in these finders are photographic lenses. Assuming that they are such, they are only parts of the finders, and therefore the finders themselves are more than photographic lenses. They therefore could not be properly classified as photographic lenses under said paragraph 228 (b). *McLaughlin & Freeman* v. *United States*, 18 C. C. P. A. (Customs) 128, T. D. 44094.

For the reasons stated, the judgment of the United States Customs Court, First Division, is *modified*; it is *affirmed* with respect to the finders represented by Exhibits A and B, and is *reversed* as to the finders represented by Exhibit C.

BLAND, Judge, dissenting in part: I must respectfully dissent as to Exhibit C. My views as to a finder being a part of a camera are found in my dissenting opinion in the case of *United States* v. *Mitchell Camera Corp.*, 22 C. C. P. A. (Customs) 544, T. D. 47553.